PER CURIAM.
The issue presented in this case is whether a public body is entitled to an automatic stay when it seeks discretionary review in a district court of appeal. We find that the public body in this case is not entitled to the automatic stay provided by Florida Rule of Appellate Procedure 9.310(b)(2).
The Department of Health and Rehabilitative Services (HRS) filed in this court a petition for writ of certiorari and/or prohibition to review a nonfinal order of the trial court. Along with the petition, HRS filed a notice of invocation of automatic stay provision. The notice asserted that HRS, as a public body, was entitled to the automatic stay provided by Florida Rule of Appellate Procedure 9.310(b)(2). The request for prohibition relief was denied, but this court allowed review by petition for writ of cer-tiorari. The issue of the stay was ordered to be presented to the circuit court.
Respondent moved for clarification and argued that HRS was not entitled to an automatic stay under rule 9.310(b)(2), but must proceed under rule 9.310(a). HRS asserted that the timely filing of a notice to invoke review triggered the automatic stay provided by rule 9.310(b)(2). We hold under the circumstances that HRS is not entitled to an automatic stay, but must first present its request for a stay pending review in this court to the trial court pursuant to rule 9.310(a). We have granted the motion for clarification by unpublished order, but now write to explain our reasoning.
Research reveals a split of authority on the issue of an automatic stay when a public body seeks discretionary review. In Phillip J. Padovano, Florida Appellate Practice (1988), the author states that the only limitation on the automatic stay granted to public agencies is the exclusion of criminal cases and the length of the stay in public records and meeting cases, otherwise, the rule
does not make any distinction as to the nature of the case or the type of review sought. The automatic stay for public *91 parties is applicable to the filing of a notice to invoke the discretionary jurisdiction of the Supreme Court in the same manner it is applicable to the filing of a notice of direct appeal.
Id. § 8.5 at 135. The Florida Bar’s Florida Appellate Practice (2d ed. 1986) states that “the automatic stay becomes effective on the filing of a ‘notice/ which appears to encompass the filing of a notice for discretionary review.” Id. § 9.18 at 168. A third treatise takes a contrary view and states that a stay pending review is automatic when “the appellant or petitioner is a public officer or public body acting in its official capacity.” Arthur J. England, Jr. and Tobias Simon, Florida Appellate Practice Manual, § 12.3 at 9 (1979). But in a footnote they assert that a stay in this instance is automatic only where the appeal is of right. Id. § 12.3 at n. 27b. There will be no continuation of an automatic stay beyond the nondiscretionary review level. They do concede that
the rule is not entirely clear, [but] it appears that there is no automatic stay for a public officer or public body, acting in an official capacity, when the review which is sought is discretionary rather than of right. In such a case, the public entity would need to file a motion to stay the order below pending discretionary review.
Id. § 12.32 at 15.
This court recently addressed an analogous issue and found that the automatic stay provision of rule 9.310(b)(2) does not apply to discretionary review in the Florida Supreme Court. City of Miami v. Arostegui, 616 So.2d 1117 (Fla. 1st DCA 1993) citing State ex rel. Price v. McCord, 380 So.2d 1037 (Fla.1980).
Accordingly, we hold that under the facts of this case HRS is not entitled to an automatic stay pursuant to rule 9.310(b)(2) because the review sought is discretionary, rather than of right. The issue of a stay must first be presented to the trial court pursuant to rule 9.310(a). Review of an order on stay entered by the trial court shall be by motion to this court as provided by rule 9.310(f).
ZEHMER, C.J., and BARFIELD, J., concur.
BOOTH, J., specially concurs with opinion.