707 So.2d 387 (1998)
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL PROTECTION, a Division thereof, Division of Law Enforcement (f/k/a Florida Marine Patrol) and Florida Marine Fisheries Commission, Appellants,
v.
Raymond S. PRINGLE, Jr., and Ronald Fred Crum, Appellees.
No. 97-4787.
District Court of Appeal of Florida, First District.
February 26, 1998.
*388 Jonathan A. Glogau & M.B. Adelson, IV, Tallahassee, for Appellants.
Ronald A. Mowrey, Tallahassee, for Appellees.

ON APPELLANTS' MOTION TO REINSTATE AUTOMATIC STAY
PER CURIAM.
By unpublished order on January 6, 1998, this court granted a motion of the Florida Marine Fisheries Commission (MFC) to reinstate the automatic stay imposed in the instant action pursuant to rule 9.310(b)(2), Florida Rules of Appellate Procedure. We now issue this opinion to set forth our reasoning for the decision. At the outset we note that our opinion here concerns only the narrow issues relating to the legal standards applicable to vacating the automatic stay imposed by rule 9.310(b)(2). It is, of course, without prejudice to the determination of the matters raised in the appellees' pending declaratory judgment and injunction action.
In early December 1997, Plaintiffs Raymond Pringle and Ronald Crum, appellees here, filed a verified complaint for declaratory judgment and preliminary and permanent injunction in the Circuit Court for Wakulla County. Appellants, Florida Department of Environmental Protection and MFC were named as defendants. Appellees are commercial fishermen and sought relief because of alleged uncertainty with respect to the legality of certain fishing nets under the so-called "Net Ban" provisions of the Florida Constitution. See Art. X, § 16, Fla Const. Under these provisions, among other things, fishing nets which are not entangling nets and which do not exceed 500 square feet of mesh area may be used in inshore waters. As alleged in appellees' complaint, appellees use nets which have (apparently permissible) seine panels in the center, with panels on the outside "wings" of the nets with larger mesh which can entangle fish. Appellees further alleged that there was uncertainty as to whether such "wings" were permissible and, if so, what size restrictions applied to these wings. In addition to their verified complaint, the plaintiffs filed a motion for temporary injunction.
A hearing was held in the circuit court on December 8, 1997 and on December 11, 1997, *389 an order was entered granting a preliminary injunction against the defendants/appellants. Specifically the order provides:
Defendants [Appellants] are enjoined from arresting commercial fishermen for possessing and/or using seine nets which do not exceed 500 square feet, as long as said nets have a seine panel of any size containing no larger than two-inches stretched mesh, and a wing portion or portions containing larger meshes until this court issues a declaration in accordance with the underlying complaint.
Appellants filed a notice of appeal. Under rule 9.310(b)(2), Florida Rules of Appellate Procedure, in a civil case such as this the defendants' filing of the notice of appeal, without more, automatically stayed the trial court's injunctive order. The plaintiffs filed a motion in the trial court to vacate the automatic stay, which alleged in pertinent part as follows:
9. Plaintiffs proffered testimony at the [preliminary injunction] hearing that the injunction was needed to maintain the status quo between commercial fishermen and the Florida Marine Patrol and to quell rising tensions between the two groups because of the confusion about which nets may be used under Article X, § 16 [of the Florida Constitution].
10. The testimony proffered by Plaintiffs included testimony from four Florida Sheriffs, including David F. Harvey from Wakulla County, Florida, Lawrence E. Williams from Taylor County, Florida, Dewey H. Hatcher from Dixie County, Florida, and Kenneth Fortune from Jefferson County, Florida. Each of the Sheriffs was prepared to testify in support of the injunction from a law enforcement perspective.
11. Also present at the hearing was Al Gandy, representing the State Attorney for the Second Judicial Circuit, Willie Meggs. Mr. Gandy was prepared to testify about the numerous cases surrounding the issues in Plaintiffs' complaint being handled-by Mr. Meggs' office, the State Attorney's desire to have this Court make a declaration in accordance with the underlying complaint, and the need for an injunction pending that declaration.
12. The filing of an appeal with no apparent basis, and without fair notice provided to Plaintiffs' counsel to give them an opportunity to immediately respond to the Notice of Appeal on Friday following its filing, has needlessly increased the already building tensions between commercial fishermen and the state.
13. There is now an even greater need for the injunction due to increased concern of law enforcement officials over maintaining the status quo between commercial fishermen and Defendants until a declaration can be made in the underlying action....
The motion to vacate was accompanied by the affidavit of Sheriff David Harvey of Wakulla County. In the affidavit, Sheriff Harvey stated in part that he appeared at the December 8 hearing on the preliminary injunction prepared to testify and was accompanied by the sheriffs of Taylor, Dixie, and Jefferson counties; that all such sheriffs were concerned about rising tensions between commercial fishermen and the Florida Marine Patrol and their counties; that certain published remarks in the newspaper created additional tensions; and that he was concerned that the problem will "lead to something much more serious" if the injunction was not continued. Without holding a hearing or permitting a response from the defendants-appellants, on December 16, 1997 the trial judge entered an order vacating the automatic stay, requiring a $100 bond to be posted by the plaintiffs-appellees. On December 17, 1997, MFC moved this court to reinstate the automatic stay.
Florida Rule of Appellate Procedure 9.310(b)(2) provides, in pertinent part:

Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review ... when the state, any public officer in an official capacity, board, commission, or other public body seeks review.... On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
*390 In St. Lucie County v. North Palm Development Corp., 444 So.2d 1133, 1135 (Fla. 4th DCA), rev. denied, 453 So.2d 45 (Fla.1984), the Fourth District Court of Appeal explained that this automatic stay is based upon a policy rationale and
involves the fact that planning-level decisions are made in the public interest and should be accorded a commensurate degree of deference and that any adverse consequences realized from proceeding under an erroneous judgment harm the public generally.
Thus, even though rule 9.310(b)(2) authorizes the lower court to vacate the automatic stay, "[g]iven the rationale for staying such judgments in the first instance ... the stay should be vacated only under the most compelling circumstances." Id.
Under St. Lucie, the burden is on the party (appellees here) seeking to vacate the automatic stay to establish an evidentiary basis for the existence of such "compelling circumstances." Id. Although the appellees' motion to vacate filed below referred to certain testimony that had been proffered at the December 8 preliminary injunction hearing, this proffered testimony was never introduced into evidence and cannot constitute the basis for a showing of compelling circumstances.
The sole evidence submitted by appellees in support of the motion to vacate the automatic stay was the affidavit of Sheriff Harvey. By this affidavit, appellees attempted to satisfy the St. Lucie "compelling circumstances" test by showing "rising tensions" and a clear implication of possible violence between commercial fishermen and law enforcement officials of the Florida Marine Patrol about the enforcement of net restrictions under Article X, § 16 of the Florida Constitution. On this limited evidence, we find no compelling reason to vacate the automatic stay. The trial court apparently believed that it was appropriate to enjoin enforcement of the net ban against persons using this type of net because of "rising tensions" between the fishermen and the law enforcement officers and the implied possibility of violence. Appellees, however, have provided us no authority for such a ruling.
While we understand that appellees strongly oppose the appellants' application of the net ban provisions to the type of net under consideration, the effect of the trial court's logic would impermissibly reward those citizens who would use threats (implicit or otherwise) of violence in response to an unpopular law, at the expense of those who would follow or attempt to lawfully challenge or change the law within this state's democratic institutions. Thus, under the facts shown in the instant case, vacating the automatic stay could have the effect of encouraging parties to threaten violence to obtain the result they seek from a judicial tribunal.
For the foregoing reasons, MFC's motion was granted and the automatic stay was reinstated.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.