866 So.2d 776 (2004)
STATE of Florida, Appellant,
v.
Frank MITCHELL, Appellee.
No. 1D03-1518.
District Court of Appeal of Florida, First District.
March 1, 2004.
Charles A. Crist, Jr., Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Robert S. Friedman, Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
The state filed an amended civil complaint against Appellee, seeking to commit him to state custody as a sexually violent predator under the Jimmy Ryce Act. Appellee moved to dismiss the petition on the ground that the Ryce Act did not apply because he had completed his sentence for the sexually violent crime in 1991 and his current incarceration was not for a sexually violent crime. The trial judge issued an order granting Appellee's motion and dismissing the petition. We reverse, but certify the question as one of great public importance.
Appellee was convicted in 1983 of a sexually violent offense, as defined in section 394.912(9), Florida Statutes, and completed his sentence in November 1991. At the time the state attorney filed the Ryce Act petition against Appellee, he was under a Department of Corrections sentence for possession of cocaine and felonious possession of a concealed weapon. In his motion to dismiss the petition, Appellee asserted the trial court was without subject matter jurisdiction to commit him under the Ryce Act because his current incarceration was not for a sexually violent crime. He argued that a strict construction of section 394.925, Florida Statutes, allowed commitment of only those individuals who are in the custody of the Department of Corrections and serving a sentence for a sexually violent offense at the time the petition is filed.
*777 We agree with the decision in Tabor v. State, 864 So.2d 1171 (Fla. 4th DCA 2004), that Appellee's argument is refuted by sections 394.913(1), 394.912(9)(g), and 394.912(11), Florida Statutes. We therefore reverse[1] but certify this question as one of great public importance:
DOES THE RYCE ACT REQUIRE THAT THE CURRENT INCARCERATION BE FOR A SEXUALLY VIOLENT OFFENSE?
ERVIN, BARFIELD, and POLSTON, JJ., concur.
NOTES
[1] We express no opinion on the affirmative defense which was raised by Appellee below but not addressed by the trial judge.