PER CURIAM.
The trial court dismissed proceedings for civil commitment initiated under the Jimmy Ryce Act on June 6, 2003, on grounds that Henry Sawyer had served his sentence for sexual battery by the time he was released on October 24, 1997. On appeal, the state contends that his re-incarceration on account of his subsequent conviction on three counts of burglary of a conveyance makes him subject to civil commitment — for life, if necessary — even after his new criminal sentence expires if, as the state alleges, he “suffers from a mental abnormality or personality disorder which makes him likely to engage in acts of sexual violence if not confined in a secure facility for long term control, care and treatment.” Bound by State v. Mitchell, 866 So.2d 776 (Fla. 1st DCA 2004), we reverse and, as in Mitchell, certify this question as one of great public importance:
*958 DOES THE [JIMMY] RYCE ACT REQUIRE THAT THE CURRENT INCARCERATION BE FOR A SEXUALLY VIOLENT OFFENSE?
BARFIELD, DAVIS, and BENTON, JJ., concur.