890 So.2d 412 (2004)
Joanne GERVAIS, Appellant,
v.
CITY OF MELBOURNE, Appellee.
No. 5D04-2669.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
*413 Michael H. Wolf and Holly A. Aliprandi of Michael H. Wolf Associates, LLC, Sunrise, for Appellant.
No Appearance for Appellee.
MONACO, J.
Joanne Gervais appeals a non-final order denying her motion to vacate the automatic governmental stay of an order requiring the appellee, City of Melbourne, to release certain seized assets to her. Because of the unambiguous language of Rule 9.310(b)(2), Florida Rules of Appellate Procedure, we conclude that the stay is automatic, and affirm.
Ms. Gervais operated an arcade amusement business in Melbourne. Fifty video redemption machines were located on the business premises. The City, asserting that the machines were illegal slot machines under Florida law, obtained a search warrant based on a probable cause affidavit alleging that the machines were illegal gambling devices. The City seized $17,354.50 in currency, $13,800.00 worth of merchandise prize cards, as well as the video redemption machines under the authority of the Florida Contraband Forfeiture Act. See §§ 932.701  932.707, Fla. Stat. (2004). The City served an Asset Seizure Notice on Ms. Gervais, and she responded by requesting an adversarial preliminary hearing pursuant to section 932.703(2)(a), Florida Statutes (2004). At the adversarial hearing the lower court found that no probable cause existed for the seizure of the machines, and entered an order releasing the seized items. On the following day the City filed its notice of appeal to this court, and an automatic stay was entered in accordance with Rule 9.310(b)(2), Florida Rules of Appellate Procedure. When the trial court denied the motion of Ms. Gervais to vacate the automatic stay, she appealed. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(ii).
Rule 9.310(b)(2) provides that:

Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the state, any public officer in any official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
The automatic stay does not apply in criminal cases. Ms. Gervais argues that the automatic stay should not apply in her case, even though she fully agrees that the case is governed by the civil rules at the trial level. She argues that application and enforcement of the Florida Contraband Forfeiture Act is really "quasi-criminal." From this hypothesis she asserts that since the Act only applies to civil matters, it should not apply to civil forfeitures. Her position, reduced to its essence, is that because this action grows out of alleged criminal activity, it is not truly civil, and the automatic stay language should not apply.
*414 She faces a major problem with this argument. Section 932.704(2), Florida Statutes (2004), indicates that "all civil forfeiture cases shall be heard before a circuit court judge of the civil division," if one is established, and that the "Florida Rules of Civil Procedure shall govern forfeiture proceedings," under the Florida Contraband Forfeiture Act. It is quite clear, therefore, that civil forfeiture actions are civil.
The same principles of construction apply to court rules as apply to statutes. See Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981). If a statute or rule is plain and unambiguous, it must be enforced according to its plain meaning. See Fla. Dept. of Revenue v. Fla. Mun. Power Agency, 789 So.2d 320 (Fla.2001). Thus, if the language is clear, there is no reason to resort to rules of statutory construction. See Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452 (Fla.1992).
The language of 9.310(b)(2) is unambiguous. As forfeitures are civil cases, the governmental body seeking forfeiture is entitled to an automatic stay in such cases upon the filing of a timely notice. The trial court, therefore, acted properly in imposing the stay.
Ms. Gervais also points to our decision in State v. Ducharme, 881 So.2d 70 (Fla. 5th DCA 2004), for the proposition that the automatic stay provision was not intended to apply to cases such as hers. Ducharme, however, involved a commitment proceeding under the Jimmy Ryce Act, and not a civil forfeiture proceeding. We certified conflict in that case with the decision of the First District in State v. Mitchell, 848 So.2d 1209 (Fla. 1st DCA 2003), and agreed with the reasoning of Judge Padovano's dissent in Mitchell. We pointed out in Ducharme, as did Judge Padovano, that the policy behind the automatic stay provision is that because a litigant against the state should have no fear that his or her judgment will remain collectible if the state loses its appeal, no bond is necessary. The policy considerations underpinning the automatic stay do, however, apply to forfeiture proceedings.
Section 932.704(9), Florida Statutes (2004), specifically provides for monetary relief, including attorney's fees, for persons who prevail against the government in civil forfeitures. With respect to damages, subparagraph (9)(b) says in pertinent part:
The trial court shall require the seizing agency to pay to the claimant the reasonable loss of value of the seized property when the claimant prevails at trial or on appeal and the seizing agency retained the seized property during the trial or appellate process. The trial court shall also require the seizing agency to pay to the claimant any loss of income directly attributed to the continued seizure of income-producing property during the trial or appellate process.
Since the only losses that Ms. Gervais could incur are monetary, and since the statute specifically authorizes monetary relief if she is ultimately successful, it seems to us that the automatic stay rule must apply to civil forfeitures.
We note that the automatic stay rule does permit the lower tribunal the discretion to vacate the stay. Pertinent case law suggests that this should only be done "under the most compelling circumstances." See State of Fla., Dept. of Envtl. Prot. v. Pringle, 707 So.2d 387 (Fla. 1st DCA 1998); St. Lucie County v. North Palm Dev. Corp., 444 So.2d 1133, 1135 (Fla. 4th DCA 1984). Here, the trial court declined to vacate the stay. We conclude *415 that the trial judge did not abuse his discretion in doing so.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.