911 So.2d 1211 (2005)
Frank MITCHELL, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1210.
Supreme Court of Florida.
September 8, 2005.
*1212 Nancy A. Daniels, Public Defender and Robert S. Friedman, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Bureau Chief Criminal Appeals, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, FL, for Respondent.
ANSTEAD, J.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
WHETHER THE STATE IS ENTITLED TO THE BENEFIT OF THE AUTOMATIC STAY PROVISION OF RULE 9.310(b)(2) ON APPEAL IN A CIVIL COMMITMENT PROCEEDING BROUGHT PURSUANT TO PART V OF CHAPTER 394, FLORIDA STATUTES, WHEN THE TRIAL COURT HAS DISMISSED THE PETITION SEEKING COMMITMENT.
State v. Mitchell, 848 So.2d 1209, 1211 (Fla. 1st DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative and hold that the State is entitled to the benefit of the automatic stay provision of Florida Rule of Appellate Procedure 9.310(b)(2) on appeal in a civil commitment proceeding brought pursuant to part V of chapter 394, Florida Statutes, when the trial court has dismissed the petition seeking commitment. However, as we explain below, the respondent has the right to *1213 seek a dissolution of the stay pursuant to our rules.

FACTS AND PROCEDURAL HISTORY
The State filed a petition to civilly commit Frank Mitchell as a sexually violent predator pursuant to the Jimmy Ryce Act, sections 394.910-394.931, Florida Statutes (2000) (entitled "Involuntary Civil Commitment of Sexually Violent Predators"). Mitchell, 848 So.2d at 1210. However, the record reflects that the State did not file the petition for commitment until the day before Mitchell was scheduled to be released from his incarceration pursuant to a criminal conviction and sentence for possession of cocaine and felonious possession of a concealed weapon. Id. Subsequent to the filing of the petition, the trial court found that there was probable cause to believe that Mitchell was a sexually violent predator. Mitchell then sought a dismissal of the proceedings and the trial court entered an order dismissing the petition for lack of jurisdiction, concluding that the Act did not permit the State to file a petition for civil commitment against anyone not incarcerated for a sexual offense. Id.
The State appealed to the First District Court of Appeal and gave notice that it would rely on the automatic stay provision of rule 9.310(b)(2). Id. Mitchell filed a motion with the trial court to vacate the automatic stay under rule 9.310(b)(2). Id. However, the trial court denied the motion, stating that the issue was one of first impression in Florida and determining that it was unable to find that the State had no likelihood of success on appeal. Id.
Mitchell then moved the appellate court to dissolve the stay. Id. at 1209. The First District concluded that because sexually violent predator commitment proceedings are civil and because rule 9.310(b)(2) applies in civil cases, the automatic stay provision was applicable:
The statute and the case law construing the Jimmy Ryce Act make it clear that the commitment proceedings under the Jimmy Ryce Act are civil in nature. Moreover, section 394.9155(1), Florida Statutes (2000), provides that the Florida Rules of Civil Procedure apply to all civil commitment proceedings for sexually violent predators unless otherwise specified. It has also been observed that automatic stays are available only in civil cases and that "[s]ubject to the exception for criminal cases, rule 9.310(b)(2) makes no distinction as to the type of case in which a public party is entitled to an automatic stay." Although, the automatic stay provision has been held inapplicable to discretionary review proceedings, in the instant case, the State has the right to appeal the final order of dismissal. Accordingly, because the commitment of sexually violent predators has been held to be civil in nature and because rule 9.310(b)(2) applies to civil cases, we conclude that rule 9.310(b)(2) is applicable to this appeal.
Id. at 1210 (citations omitted). After noting that the trial court had made a finding of probable cause as to Mitchell's status as a sexually violent predator, the district court denied the motion to dissolve the stay. Id. at 1211.
In dissent, Judge Padovano expressed the view that the stay provisions of the rule were never intended to apply to cases where liberty interests were at stake, and the liberty interests here, being constitutionally protected, should not be impaired by the mere operation of an automatic stay provision. Id. at 1212-13 (Padovano, J., dissenting). He also cited financial interests as being the primary basis upon which the rule was originally enacted to permit obviously solvent governmental entities to *1214 maintain the status quo while their appeals were pending. Id. at 1213.
Thereafter, the First District decided the merits of the appeal, finding that the Jimmy Ryce Act was not limited to persons currently serving sentences for sexually violent offenses, but could also be applied to those, like Mitchell, whose current prison sentences were for non-sexually related crimes, but who had been previously convicted of a sexual offense. State v. Mitchell, 866 So.2d 776, 777 (Fla. 1st DCA 2004), review denied, No. SC04-368, 907 So.2d 1171, 2005 WL 1699507 (Fla. July 6, 2005). Mitchell sought review of that decision in this Court and we stayed the review proceedings pending resolution of the same issue in Hale v. State, 891 So.2d 517 (Fla.2004), petition for cert. filed (U.S. Mar. 10, 2005) (No. 04-9054). We subsequently decided in Hale that the Jimmy Ryce Act applies to "all persons who are currently incarcerated and who at some point in the past have been convicted of a sexually violent offense." Hale, 891 So.2d at 522. Mitchell acknowledges that Hale controls the issue as to whether his prior conviction subjects him to the Jimmy Ryce Act.
However, we now consider Mitchell's petition for review based upon the district court's certification as to the question of whether the State is entitled to the benefit of the automatic stay provision of rule 9.310(b)(2) on appeal from the dismissal of proceedings brought pursuant to the Jimmy Ryce Act.

ANALYSIS
"The same principles of construction apply to court rules as apply to statutes." Gervais v. City of Melbourne, 890 So.2d 412, 414 (Fla. 5th DCA 2004) (citing Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981)). If the language of a statute or rule is plain and unambiguous, it must be enforced according to its plain meaning. See Fla. Dept. of Revenue v. Fla. Mun. Power Agency, 789 So.2d 320, 323 (Fla. 2001). Legislative history is not needed to determine intent when the language is clear. Goldenberg v. Sawczak, 791 So.2d 1078, 1083 (Fla.2001).
Consistent with Judge Padovano's concerns in dissent, Mitchell asserts that the automatic stay provisions of rule 9.310(b)(2) should not apply because his very liberty is at stake, and the rule was never meant to apply to civil commitments, but only to judgments or orders affecting the financial interests of the State or another governmental body. Mitchell also cites the decision in State v. Ducharme, 881 So.2d 70 (Fla. 5th DCA 2004), review dismissed, 895 So.2d 405 (Fla.2005), and review denied, No. SC05-290, 908 So.2d 1057 (Fla. July 8, 2005), wherein the Fifth District expressed agreement with Judge Padovano's dissent and his view "that confinement under the Jimmy Ryce Act must rest on something more substantial than the effect of a mechanical rule that goes into effect by the unilateral action of the State." Id. at 71 (quoting Mitchell, 848 So.2d at 1212 (Padovano, J., dissenting)).
However, we conclude that simply because Jimmy Ryce Act proceedings may not have been specifically contemplated or envisioned by this Court at the time it adopted the rule, this does not necessarily mean that the automatic stay provisions of the rule should not be applied. Rather, it is necessary to look at the plain language and purpose of the rule, which is to initially maintain the status quo pending the outcome of an appeal by the government, except in criminal proceedings. In addition, we conclude that the liberty interests and due process rights of the respondent are adequately protected when the provisions for dissolution of the automatic stay are considered.
*1215 We need only look to the plain language of the rule and statute to determine that the provisions of rule 9.310(b)(2) and the language of the Jimmy Ryce Act are clear as to the issue before us. In this regard, we agree with the analysis of the First District:
Rule 9.310(b)(2) provides that "[t]he timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the state, any public officer in an official capacity, board, commission, or other public body seeks review. . . ." The statute and the case law construing the Jimmy Ryce Act make it clear that the commitment proceedings under the Jimmy Ryce Act are civil in nature. See, e.g., Westerheide v. State, 767 So.2d 637, 648 (Fla. 5th DCA 2000) (holding that the Jimmy Ryce Act is civil in nature and that confinement is for treatment and the protection of the public, not punishment), approved by 831 So.2d 93 (Fla.2002). Moreover, section 394.9155(1), Florida Statutes (2000), provides that the Florida Rules of Civil Procedure apply to all civil commitment proceedings for sexually violent predators unless otherwise specified. It has also been observed that automatic stays are available only in civil cases and that "[s]ubject to the exception for criminal cases, rule 9.310(b)(2) makes no distinction as to the type of case in which a public party is entitled to an automatic stay." See Philip J. Padovano, Florida Appellate Practice § 12.5 at 184 (2003 ed.). Although, the automatic stay provision has been held inapplicable to discretionary review proceedings, see, e.g., State, Department of Health and Rehabilitative Services v. E.D.S. Federal Corporation, 622 So.2d 90 (Fla. 1st DCA 1993) and City of Miami v. Arostegui, 616 So.2d 1117 (Fla. 1st DCA 1993), in the instant case, the State has the right to appeal the final order of dismissal. Accordingly, because the commitment of sexually violent predators has been held to be civil in nature and because rule 9.310(b)(2) applies to civil cases, we conclude that rule 9.310(b)(2) is applicable to this appeal.
Mitchell, 848 So.2d at 1210. We concur in this straightforward analysis, although we also agree with many of the concerns expressed by Judge Padovano.
Initially, we note that it is now settled law that the statutes authorizing civil commitment of sexually violent predators (i.e., the Jimmy Ryce Act), are civil. Kansas v. Hendricks, 521 U.S. 346, 365-66, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); Westerheide v. State, 831 So.2d 93, 100 (Fla.2002) (stating that the Jimmy Ryce Act "was clearly intended to create a civil commitment scheme" for those who are determined to be sexually violent predators under the Act). Moreover, section 394.9155(1), Florida Statutes (2000), states, "In all civil commitment proceedings for sexually violent predators under this part, the following shall apply: (1) The Florida Rules of Civil Procedure apply unless otherwise specified in this part." Rule 9.310(b)(2) states:

Public Bodies; Public Officers: The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
Finally, rule 9.310(b)(2) does not expressly exempt civil commitment proceedings or Jimmy Ryce Act cases, although, significantly, *1216 it does exempt criminal cases. Therefore, because the Jimmy Ryce Act is civil, and there is no exemption, we conclude rule 9.310(b)(2) and its automatic stay provisions are applicable.
However, when applying the automatic stay provisions to the Jimmy Ryce Act, courts must remain mindful of the due process concerns when a liberty interest is involved. As noted by Judge Padovano and as we said in Goode, "[c]ivil commitment proceedings involve a serious deprivation of liberty and, thus, such proceedings must comply with the due process clauses of the Florida and United States Constitutions." State v. Goode, 830 So.2d 817, 825-26 (Fla.2002) (citing Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)).
Moreover, we do not disagree with the concerns of Judge Padovano and the Fifth District that the continuing confinement of a respondent in Jimmy Ryce proceedings merits special consideration in any evaluation of the justification for a continuing stay once the respondent has prevailed in the commitment proceedings. Indeed, the exemption of criminal proceedings from the operation of the automatic stay proceedings was no doubt based upon the obvious and important liberty interests involved in criminal proceedings.[1] The liberty interests affected in Ryce Act proceedings are not dissimilar to the liberty interests involved in criminal proceedings, although there are obviously critical distinctions.
Importantly, however, while rule 9.310(b)(2) is effectively automatic in its initial application, a stay entered pursuant to the rule may be dissolved. We believe that the provisions for the dissolution of the stay, where the special circumstances of Ryce Act proceedings and the circumstances of respondents' continuing confinement can and should be considered, are sufficient to alleviate the constitutional concerns obviously present in such a scenario. We also believe Florida's trial courts are capable of the sensitive balancing required in such cases.
In fact, of course, as noted above, the rule itself recognizes these due process concerns by exempting criminal proceedings entirely from the automatic stay provisions. This exemption is directly related to the serious constitutional issues that would be implicated if the State were to be automatically entitled to stay the effect of a decision adverse to the State in a criminal proceeding. In a like manner, when liberty interests are directly at stake in a proceeding under the Ryce Act, the trial court must take special care to assess these interests along with the interests of the State in determining whether detention should be continued. These interests were specifically identified and addressed by Judge Padovano in his dissent:
I do not think that the automatic stay provision in rule 9.310(b)(2) can be applied in an appeal from an order dismissing a petition for involuntary commitment under the Jimmy Ryce Act, because the effect of the stay in such a case would be to detain a person in custody without due process of law. For this reason, I am unable to join in the majority's decision to keep the stay in place in the present case.
The power to detain an individual for involuntary civil commitment is subject to certain well-defined constitutional limitations. As the Supreme Court explained in Foucha v. Louisiana, 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d *1217 437 (1992), the "freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause." This view is reflected in other Supreme Court opinions, as well. Earlier, the Court said, "[i]t is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Jones v. United States, 463 U.S. 354, 361, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) (quoting Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)). These statements plainly illustrate that we are dealing here not only with the applicability of a procedural rule, but also with an important issue of constitutional law.
Statutes authorizing civil commitment of sexually violent predators have been upheld primarily because they require a judicial finding that a person suffers from a condition that makes him dangerous to others. For example, in Kansas v. Hendricks, 521 U.S. 346, 357-358, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), the Court concluded that the statute at issue did not offend the Due Process Clause, because it "requires evidence of past sexually violent behavior and a present mental condition that creates a likelihood of such conduct in the future if the person is not incapacitated." The Florida Supreme Court has rejected a due process challenge to the Jimmy Ryce Act for the same reason. See Westerheide v. State, 831 So.2d 93, 106 (Fla. 2002). The constitutional objections to commitment can be overcome, but only if the government complies with the applicable procedures and evidentiary standards, and if the court makes the findings of dangerousness required by the statute.
In the present case there is no judicial finding that could be used to support the appellee's continued detention. The appellee has completed the sentence he was serving when the petition for involuntary commitment was filed. His detention may have been justified at one time by the trial court's finding of probable cause in the civil commitment proceeding, but that finding has now been undermined by the court's final order dismissing the case. The appellee is now being held in custody solely on the authority of the stay imposed by rule 9.310(b)(2).
This stay is not based on a finding of dangerousness, or upon any judicial finding for that matter. Rather, the stay has been imposed automatically by operation of law, merely because the state has chosen to appeal the dismissal of its petition. I believe that confinement under the Jimmy Ryce Act must rest on something much more substantial than the effect of a mechanical rule that goes into effect by the unilateral action of the state.
The majority takes the view that the automatic stay effectively restores the trial court's earlier finding of probable cause. That is a logical way to construe the effect of the rule, but it does not entirely resolve the constitutional problem presented by this case. Section 394.916(1), Florida Statutes (2002), provides that "[w]ithin thirty days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator." The imposition of the automatic stay would extend this time period indefinitely. Although the court has expedited the appeal, that is not an adequate remedy for a person who is detained without authority. This is a plenary appeal from a final order. Despite our best efforts to expedite the decision, we could not ensure that the appellee *1218 will not be held beyond the thirty-day time limit set by section 394.916(1).
The statutory time period for which a person can be held in custody pending trial on a petition for involuntary commitment is not a mere procedural requirement. Except in the limited circumstances listed in the statute itself, the time period cannot be altered or extended. In State v. Goode, 830 So.2d 817, 823 (Fla.2002), the Florida Supreme Court held that the thirty-day time limit in section 394.916(1) is mandatory. The court explained that "based on the importance of the obvious liberty rights at stake," the Legislature must have intended that there should be "scrupulous compliance" with the thirty-day limit. Id. at 826.
The Jimmy Ryce Act contains no provision addressing the rights of the respondent during an appeal by the state. The Legislature may have overlooked the possibility of an appeal by the state, but it is just as likely the Legislature believed that a person who is exonerated in the trial court should not be in custody at all. I am not certain of the Legislature's intent or lack of intent, but I am certain that the courts should not attempt to fill in the blank by applying a mechanical rule of procedure that would allow for a detention beyond the period of time authorized by statute. The constitutional validity of the involuntary commitment process depends on the requirements of the statute. It follows that the courts should not deviate from the statute by extending the allowable time for detention.
Mitchell, 848 So.2d at 1211-13 (Padovano, J., dissenting) (footnote omitted).[2] As noted by Judge Padovano and because of the constitutional considerations implicit in the scheme, there are important protections provided to the respondent under the Act and this Court has affirmed the necessity of those protections. For example, section 394.916(1), Florida Statutes (2000), provides that "[w]ithin thirty days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator." We have previously held that there shall be "scrupulous compliance" with the thirty-day time limit. Goode, 830 So.2d at 826.[3] Additionally, in State v. Kinder, 830 So.2d 832 (Fla.2002), this Court approved the district court's holding "that the time provisions of section 394.916(1) of the [Ryce Act] are mandatory unless a continuance is granted for good cause." Id. at 832.
*1219 Importantly, in Osborne v. State, 907 So.2d 505 (Fla.2005), this Court has recently held, "[W]here a respondent has completed his criminal sentence and is being detained awaiting a Ryce Act trial and the trial period has exceeded thirty days without a continuance for good cause, the respondent's remedy is release from detention and a dismissal without prejudice of the pending proceedings." Id. at 509. Hence, we have already recognized an instance where the State may be entitled to continue the proceedings, but the respondent may be entitled to his freedom where the State has not scrupulously complied with the Act's provisions.
Significantly, as we expressed in Goode, the Legislature intended that "the review process of potential sexual predators would be concluded while the person was still in prison." Goode, 830 So.2d at 825. We also recognized "that while the Legislature intended that the Ryce Act operate in this way, there is evidence that in practice this is not occurring and that often people are being detained for long periods after their scheduled release date without being taken to trial." Id. at 825 n. 7. We again emphasize that the State should make every effort to initiate the commitment trial "well in advance of the [detainee's] date of release from prison[, so that] the due process concerns of commitment beyond imprisonment would be substantially alleviated." Id. at 826.
However, while we agree with many of Mitchell's and Judge Padovano's concerns, it is also important to note that when the State appeals the dismissal of a petition seeking commitment, the State may sometimes be entitled to a stay of the trial court's decision until the dismissal order can be reviewed. We note that other states also permit stays in some instances. In California, for example, the State is allowed to seek writ review and a temporary stay until the propriety of a dismissal order can be reviewed. People v. Superior Court, 70 Cal.App.4th 558, 82 Cal.Rptr.2d 852, 854 n.5 (Cal.Ct.App.1999); People v. Superior Court (Howard), 70 Cal.App.4th 136, 82 Cal.Rptr.2d 481, 487 (1999). Similarly, in Massachusetts, a stay may be issued to prevent an individual's release and to review a trial court's determination that no probable cause existed to involuntarily commit an individual as a sexually dangerous person. Commonwealth v. Blanchette, 54 Mass.App.Ct. 165, 764 N.E.2d 353, 355 (2002).
Ordinarily, there are two principal considerations that courts must take into account when deciding whether to vacate a stay: the likelihood of irreparable harm if the stay is not granted and the likelihood of success on the merits by the entity seeking to maintain the stay. Perez v. Perez, 769 So.2d 389, 391 n. 4 (Fla. 3d DCA 1999). In this case, we are mindful of the potential problem with a stay allowing for a person to be detained beyond completion of his or her sentence. However, as noted by the First District majority, in this case the trial court expressly found that there was probable cause to detain the respondent under the Ryce Act. Mitchell, 848 So.2d at 1211. In addition, as with any new legislation affecting substantial constitutional rights, there will be numerous instances where the meaning of the statutory provisions and their constitutional implications will have to be adjudicated before the law will be settled. Trial courts must have some leeway to balance the competing interests while the issues are debated and resolved. The present case presents a perfect example of this process. We conclude that Florida's provisions for a stay and the dissolution of such a stay are adequate to balance the due process rights and liberty interests of the respondent *1220 with the concerns of the State to protect the public.

CONCLUSION
We approve the First District's decision and conclude that the State is entitled to the benefit of the automatic stay provision of rule 9.310(b)(2) on appeal in a civil commitment proceeding brought under the Jimmy Ryce Act, subject to the discretion of the trial court to dissolve or modify the stay based upon the important interests of the parties and the particular circumstances of the case.
It is so ordered.
PARIENTE, C.J., and LEWIS, QUINCE, and CANTERO, JJ., concur.
WELLS, J., concurs in result only with an opinion, in which BELL, J., concurs.
WELLS, J., concurring in result only.
I concur that Florida Rule of Appellate Procedure 9.310(b)(2) applies to an appeal in a civil commitment proceeding that is brought pursuant to part V of chapter 394, Florida Statutes. I would affirm the decision of the First District Court of Appeal in this case.
I do not join in the majority opinion because it is too broadly written, covering issues which I do not believe are necessary in answering the question that was certified in this case.
BELL, J., concurs.
NOTES
[1] We do not have before us, for example, a stay in favor of the State where a jury has determined that the State has not proved its case on the merits in a Ryce Act proceeding.
[2] While Judge Padovano asserts "there is no judicial finding that could be used to support the appellee's continued detention," id. at 1212, he subsequently acknowledges the trial court's finding of probable cause that the appellee is properly subject to detention under the Ryce Act.
[3] However, this Court noted in Goode the time limit would be subject to exceptions:

While we conclude that the time provisions regarding the holding of a trial were meant to be mandatory, we do not believe that the thirty-day period was intended as a rigid jurisdictional bar to further proceedings. In addition to the provision for an adversarial probable cause determination, section 394.916(2) provides that "[t]he trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced." By this language, the Legislature demonstrated that there will be instances when the trial court will retain jurisdiction beyond the thirty-day time period. In cases where the alleged sexually violent predator will not be substantially prejudiced, a trial court is given authority to grant a continuance when one of the parties shows good cause or the court determines that the interests of justice so dictate.
Id. at 828.