# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2206

_____

FLORIDA DEPARTMENT OF
HEALTH; CELESTE PHILIP, M.D.,
in her official capacity as
Secretary of Health for the State
of Florida; OFFICE OF MEDICAL
MARIJUANA USE; and CHRISTIAN
BAX, in his official capacity as
Director of the Office of Medical
Marijuana Use,

     Appellants,

     v.

PEOPLE UNITED FOR MEDICAL
MARIJUANA; FLORIDA FOR CARE,
INC.; DIANA DODSON; and
CATHERINE JORDAN,

     Appellees.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

July 3, 2018

ORDER ON MOTION FOR REVIEW

PER CURIAM.

The Department of Health (DOH) and the Director of the Office of Medical Marijuana Use (collectively the State) appealed an order of the circuit court declaring section 381.986, Florida Statutes (2017), unconstitutional pursuant to Article X, section 29 of the Florida Constitution (the Medical Marijuana Amendment). When the State filed its notice of appeal in this Court, an automatic stay of the circuit court's judgment was entered. Appellees filed a motion to lift the stay in the circuit court. After hearing from the parties, the circuit court entered an order vacating the automatic stay. The State now seeks review of that order. For the reasons that follow, we quash the order vacating the automatic stay and reinstate the stay during the pendency of the appeal.

I.

In 2016, Florida voters adopted Amendment 2, a ballot initiative resulting in the creation of the Medical Marijuana Amendment. The Amendment authorized medical use of marijuana for qualifying patients with certain debilitating medical conditions but authorized DOH to issue reasonable regulations to ensure the availability and safe use of medical marijuana by qualifying patients. Art. X, § 29(d), Fla. Const. In addition, section 29(e) of the Medical Marijuana Amendment provides that "[n]othing in this section shall limit the legislature from enacting laws consistent with this section."

In 2017, the Florida Legislature enacted section 381.986(1)(j), Florida Statutes, defining "medical use" as "the acquisition, possession, use, delivery, transfer, or administration of marijuana authorized by a physician certification." Expressly excluded from the definition of medical use is the "[p]ossession, use, or administration of marijuana in a form for smoking." § 381.986(1)(j)2.

After the statute was enacted, Appellees brought suit in the circuit court seeking a declaration that the exclusion of marijuana "in a form for smoking" from the statutory definition of medical use was a violation of the Medical Marijuana Amendment. The circuit court issued a declaratory judgment finding that the Medical Marijuana Amendment implied a right for qualified patients to use smokable medical marijuana in

2

private places. The State appealed the circuit court's order, and the order was automatically stayed pursuant to Florida Rule of Appellate Procedure 9.310(b)(2). Appellees moved to vacate the automatic stay.

The circuit court entered an order vacating the automatic stay, determining that the State had no likelihood of success on the merits on appeal and that the individual Appellees were "exposed to irreparable harm [because] they cannot legally access the treatment recommended for them [and] they face potential criminal prosecution for possession and use of the medicinal substance." Further, the court reasoned that by vacating the automatic stay, the status quo would be preserved "by returning the law to its previous state as it existed following the 2016 adoption" of the Medical Marijuana Amendment. The State now seeks review of the order vacating the automatic stay.

## II.

Florida Rule of Appellate Procedure 9.310(b)(2) provides, in pertinent part:

> *Public Bodies; Public Officers.* The timely filing of a notice shall automatically operate as a stay pending review . . . when the state, any public officer in an official capacity, board, commission, or other public body seeks review. . . . On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.

The purpose of the automatic stay provision triggered when a government entity or officer appeals an adverse judgment is to accord judicial deference to governmental decisions. *See St. Lucie Cty. v. N. Palm Dev. Corp.*, 444 So. 2d 1133, 1135 (Fla. 4th DCA 1984) (determining that "planning-level decisions are made in the public interest and should be accorded a commensurate degree of deference and that any adverse consequences realized from proceeding under an erroneous judgment harm the public generally."). Although a trial court may vacate an automatic stay during the pendency of an appeal, it may only do so "under the most compelling circumstances." *State, Dep't of Envtl. Prot. v.*

3

*Pringle*, 707 So. 2d 387, 390 (Fla. 1st DCA 1998) (quoting *St. Lucie Cty.*). A party moving to vacate an automatic stay must demonstrate that "the equities are overwhelming tilted against maintaining the stay." *Tampa Sports Auth. v. Johnston*, 914 So. 2d 1076, 1084 (Fla. 2d DCA 2005). Last, in determining whether to vacate an automatic stay, the trial court must consider (1) the government's likelihood of success on appeal, and (2) the likelihood of irreparable harm if the automatic stay is reinstated. *Id.* at 1079 (citing *Mitchell v. State*, 911 So. 2d 1211, 1219 (Fla. 2005)).

Appellees have not shown that compelling circumstances exist to support the order vacating the stay in this appeal. We begin by observing that a similar request to vacate an automatic stay was made in *Florida Department of Health v. Redner*, 1D18-1505. There, the circuit court determined that Redner, a qualifying patient with a debilitating medical condition, was entitled to possess, grow, and use marijuana plants for medical treatment, consistent with his doctor's recommendation pursuant to the Medical Marijuana Amendment. The circuit court vacated the automatic stay, but this Court reinstated the automatic stay because Redner had not demonstrated a likelihood of success on the merits as required to justify the lifting of the automatic stay. Redner filed a petition to invoke the all writs jurisdiction of the Florida Supreme Court to vacate the automatic stay. The Florida Supreme Court denied the petition and explained that Redner's request failed to demonstrate that all writs authority was necessary to prevent irreparable harm.

Here, after the panel's preliminary review of the wording of the Medical Marijuana Amendment and the statute prohibiting the use of medical marijuana in a smokable form, we conclude that Appellees have not sufficiently demonstrated a likelihood of success on the merits as required to justify vacating the automatic stay. *Mitchell v. State*, 911 So. 2d 1211, 1219 (Fla. 2005). "[S]tatutes are presumed constitutional, and the challenging party has the burden to establish the statute's invalidity beyond a reasonable doubt." *Jackson v. State*, 191 So. 3d 423, 426 (Fla. 2016). To strike a statute as facially unconstitutional, Appellees were required to show "that no set of circumstances exists under which the statute would be valid."

*Fla. Dep't of Revenue v. City of Gainesville*, 918 So. 2d 250, 256 (Fla. 2005). Appellees failed to meet their burden.

Further, Appellees have failed to demonstrate that they will suffer irreparable harm if the automatic stay is reinstated. On the contrary, reinstating the automatic stay will maintain the status quo pending appeal.[*]

## III.

Accordingly, upon consideration of the State's motion for review, we hold that it was an abuse of discretion for the circuit court to vacate the automatic stay. The circuit court's order vacating the automatic stay is quashed and the automatic stay provided by rule 9.310(b)(2) is reinstated and shall remain in effect pending the outcome of the appeal.

LEWIS, ROWE, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Pamela Jo Bondi, Attorney General, Rachel Nordby, Senior Deputy Solicitor General, and Karen A. Brodeen, Senior Assistant Attorney General, Tallahassee, for Appellants.

Jon L. Mills, Miami, and Karen C. Dyer, George R. Coe, and Marcy Norwood Lynch, Orlando, of Boies Schiller Flexner LLP; John Morgan of Morgan & Morgan, P.A., Orlando, for Appellees.

---

[*] In concluding that Appellees failed to demonstrate a likelihood of success on appeal and they failed to demonstrate a likelihood of irreparable harm, we do not intend to preclude full review of the issues on appeal by the merits panel.