THOMAS, J.
 

 Appellant challenges his involuntary civil commitment under the Involuntary Civil Commitment of Sexually Violent Predators Act, sections 394.910-.931, Florida Statutes (2004), commonly known as the “Jimmy Ryce Act.” In light of
 
 Larimore v. State,
 
 2 So.3d 101 (Fla.2008), we reverse the trial court’s final judgment and remand for an evidentiary hearing on whether Appellant was in lawful custody when the State took steps to initiate his commitment proceedings in September 2004.
 

 While Appellant was incarcerated following the revocation of his probation, the State referred Appellant to a Sexually Violent Predator Program Multidisciplinary Team for evaluation in September 2004. The team concluded in December 2004 that Appellant met the criteria for consideration as a sexually violent predator under the Jimmy Ryce Act. In September 2005, the State fíled a petition seeking Appellant’s involuntary commitment under the Act. The trial court issued a probable cause determination, and the case proceeded to trial, at which Appellant was found to be a sexually violent predator. The trial court issued a final judgment ordering Appellant’s involuntary commitment.
 

 Appellant now seeks reversal of that final judgment and commitment order. On appeal, Appellant asserts that he was not in lawful custody when the State filed its commitment petition; thus, the trial court lacked subject-matter jurisdiction to adjudicate the commitment proceedings. Based upon the date of his conviction and
 
 *63
 
 length of his sentence, Appellant contends that he should have been released no later than April 14, 2005, well before the filing of the commitment petition in September 2005.
 

 Recently, in
 
 Larimore,
 
 the Florida Supreme Court clarified the relationship between a court’s jurisdiction to adjudicate a commitment petition under the Jimmy Ryce Act and the actual, lawful custody of a person subject to the Act.
 
 Larimore
 
 addressed an individual who was incarcerated but not in lawful custody when the commitment petition was filed. 2 So.3d at 104. The supreme court held that the Jimmy Ryce Act “requires that an individual be in lawful custody when the State takes steps to initiate civil commitment proceedings in order for the circuit court to have jurisdiction to adjudicate the commitment petition.”
 
 Id.
 
 at 103.
 

 Notably, the supreme court indicated that the Jimmy Ryce Act commitment process is initiated in one of two ways: (1) either the state agency with jurisdiction gives notice to a multidisciplinary team and state attorney for evaluation of whether the inmate meets the definition of a sexually violent predator under section 394.913(1), Florida Statutes; or (2) when an inmate’s release is imminent, the individual is transferred to the custody of the Department of Children and Family Services pursuant to section 394.9135, Florida Statutes, after which a multidisciplinary team makes an expedited evaluation.
 
 Larimore,
 
 2 So.3d at 108.
 

 Applying
 
 Larimore
 
 to the present case, the trial court had subject-matter jurisdiction to adjudicate the commitment petition only if Appellant was in lawful custody when the State referred Appellant to the multidisciplinary team for evaluation in September 2004. However, because there may be factors outside the record affecting the length of Appellant’s sentence, such as gain-time or other credits, this court cannot make a factual determination of Appellant’s custodial status in September 2004.
 

 Because this court cannot make a factual determination as to whether Appellant was in lawful custody in September 2004, we reverse the final judgment and remand to the trial court for an evidentiary hearing on the issue. If the trial court determines that Appellant was in lawful custody when the State referred Appellant to the multidisciplinary team for evaluation, then the trial court previously had jurisdiction to adjudicate the commitment petition.
 

 REVERSED and REMANDED
 

 BARFIELD and CLARK, JJ., concur.