MORRIS, Judge.
 

 The State appeals an order dismissing an involuntary civil commitment petition against Darren Goode as a sexually violent predator. Because the trial court erred by
 
 *751
 
 applying the doctrine of res judicata to the State’s petition, we reverse and remand.
 

 I. Background
 

 In 1999, the State filed its original petition for civil commitment. However, that petition was dismissed due to the State’s failure to bring Goode to trial within thirty days as required by section 394.916(1), Florida Statutes (1999).
 
 [1]
 
 The State appealed, and on a certified question from this court, the Florida Supreme Court affirmed the dismissal of the original petition on the ground that the thirty-day period was mandatory in nature, though not jurisdictional.
 
 See State v. Goode,
 
 830 So.2d 817, 823, 830 (Fla.2002).
 

 During the pendency of the State’s appeal, Goode was released from detention. He was subsequently arrested for two counts of failure to register as a sex offender. In September 2002, he was found in violation of his probation and sentenced to 44.25 months in prison; his scheduled release date was June 18, 2005. However, on June 2, 2005, the State filed the petition for civil commitment at issue in this case. Thereafter, Goode filed his motion to dismiss wherein he argued that the dismissal of the original petition operated as an adjudication on the merits pursuant to Florida Rule of Civil Procedure 1.420 and that res judicata precluded the State from filing the second petition. After a hearing, the trial court entered its order granting Goode’s motion to dismiss on the grounds stated therein and requiring his immediate release.
 

 On appeal, the State contends that the dismissal of the original petition was not a determination on the merits because it rested on the State’s failure to comply with a procedural rule — that is, to bring Goode to trial within thirty days. The State also contends that in
 
 Osborne v. State,
 
 907 So.2d 505 (Fla.2005), the Florida Supreme Court clarified that a failure to bring a detainee to trial within the required thirty-day period should result in a dismissal
 
 without prejudice.
 
 Thus, according to the State, its second petition was not barred by the doctrine of res judicata.
 

 II. The dismissal of the original petition was not an adjudication on the merits, and therefore res judicata does not preclude the State from filing another petition for civil commitment against Goode as a sexually violent predator.
 

 Initially, we note that Goode contends that the State failed to preserve its challenge to the application of res judicata below. However, we reject that contention because a careful reading of the record reflects that the issue was properly preserved. We similarly reject Goode’s contention that the State is attempting to take an inconsistent position on appeal.
 

 Turning to the merits, we note that the question of whether res judicata was properly applied is a pure question of law which we review de novo.
 
 See Engle v. Liggett Group, Inc.,
 
 945 So.2d 1246, 1259 (Fla.2006).
 

 In the supreme court’s
 
 Goode
 
 opinion, the court was asked to determine whether a dismissal of a civil commitment petition was required where the State failed to bring a detainee to trial within the thirty-day time period set forth in section 394.916(1). In affirming the dismissal of
 
 *752
 
 the original petition filed against Goode, the court held that the thirty-day time period was mandatory. 830 So.2d at 823, 830. However, the court also held that “the thirty-day period was [not] intended as a rigid jurisdictional bar to further proceedings.”
 
 Id.
 
 at 828.
 

 Subsequently, in
 
 Osborne,
 
 the court clarified its holding as espoused in
 
 Goode.
 
 In
 
 Osborne,
 
 the court addressed the question of whether a dismissal for failure to abide by the thirty-day requirement should be with or without prejudice. 907 So.2d at 507-08.
 

 In determining that a dismissal with prejudice would be incongruous with the court’s prior interpretation of the thirty-day rule, the court noted that “[a] dismissal of a petition with prejudice would terminate the case on
 
 procedural grounds,
 
 essentially divesting the circuit court of jurisdiction.”
 
 Id.
 
 at 508 (emphasis added). The court explained that such an outcome was contrary to its prior determination that the thirty-day period was not jurisdictional.
 
 Id.
 
 Thus the court went on to hold that “absent a demonstration of prejudice, the dismissal should be without prejudice and the respondent should be released.”
 
 Id.
 

 The
 
 Osborne
 
 requirement that a dismissal for failure to abide by the thirty-day rule be without prejudice indicates that such a dismissal does not operate as an adjudication on the merits. That interpretation is consistent with the opinion in Goode’s prior case where the supreme court indicated that the thirty-day time period was not intended as a “rigid jurisdictional bar to further proceedings.”
 
 Goode,
 
 830 So.2d at 828. Although Goode asks us to construe the thirty-day time period as a sort of statute of limitations, we decline to do so. Where the State fails to bring a detainee to trial within the thirty-day period, the petition for civil commitment must be dismissed and the detainee must be released. However, unlike the running of a statute of limitations, the expiration of the thirty-day period does not forever foreclose the State from filing a new petition for civil commitment.
 
 [2]
 
 Rather, it acts as a procedural bar to the continued detention of the detainee
 
 at that time.
 
 If the detainee is subsequently imprisoned for another offense, the State is free to file a new petition.
 
 See Ward v. State,
 
 986 So.2d 479, 481 (Fla.2008) (holding that Jimmy Ryce Act applied to defendant who had been released from prison for sex offense but was subsequently rein-carcerated for burglary offenses). Accordingly, we hold that a dismissal of a petition for civil commitment for failure to abide by the thirty-day rule is a
 
 procedural
 
 dismissal and that neither rule 1.420(b) nor the doctrine of res judicata are applicable.
 

 Because the trial court erroneously applied rule 1.420(b) and the doctrine of res judicata to bar the State’s petition for civil commitment, we reverse and remand for proceedings in conformance with this opinion.
 

 Reversed and remanded.
 

 FULMER and KHOUZAM, JJ., Concur.
 

 [1]
 

 . Section 394.916(1) provides that "[w]ithin 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.” The statute allows for the trial to be continued upon a request of either party and a showing of good cause,
 
 see
 
 § 394.916(2), but no such showing was made in Goode's case.
 

 [2]
 

 .
 
 See Black’s Law Dictionary
 
 1450 (8th ed. 2004) (defining a statute of limitations as "[a] law that bars claims after a specified period”).