PADOVANO, J.
Brian Taylor seeks a writ of prohibition to prevent further proceedings in the trial court on the state’s petition to have him involuntarily committed as a sexually violent predator. We conclude that Mr. Taylor was not in lawful custody at the time the petition was filed and that the circuit court therefore lacks jurisdiction to proceed with the case. Accordingly, we grant the petition.
Mr. Taylor was convicted in 1988 of armed sexual battery and sentenced to a term of fifteen years. On May 30, 2002, approximately one week before he was scheduled to be released from the Department of Corrections on the completion of his sentence, the state filed a petition to have him involuntarily committed under the Jimmy Ryce Act, sections 394.910 through 394.932, Florida Statutes. The trial court found probable cause in an ex parte hearing that day and appointed counsel.
An adversarial probable cause hearing was set for July 10, 2002, a date more than thirty days from the finding of probable cause and therefore beyond the time limit for trial. See § 394.916(1), Fla. Stat. (2002). The prosecutor assigned to the case at that time stated that the date for the hearing was set by an informal agreement. She explained that she and the defense lawyer had agreed to an adversarial probable cause hearing beyond the original time limit for the trial, but that they also agreed that, if the trial judge were to find probable cause again, the trial would be held within thirty days of the order. The prosecutor described this arrangement as a “limited waiver of speedy trial.”
The prosecution and defense subsequently agreed to postpone the adversarial hearing, and it did not take place until December 5, 2002. The trial judge found probable cause, but, for reasons that are not apparent from the record, a trial date was not set at that time. Approximately two and one half years later, the court entered an order setting the trial for September 13, 2005.
The state moved to continue the trial beyond the September date, on the ground that one of its expert witnesses had changed his opinion and that he no longer thought that Mr. Taylor met the criteria for involuntary commitment. Mr. Taylor believed this recent development might lead to a settlement and for that reason he did not object to the state’s motion. The state alleged in the motion that Taylor had waived his right to a speedy trial. This was evidently a reference to the limited waiver of the original thirty-day time period for the adversarial probable cause hearing. There is no written waiver of speedy trial in the record. Nor does it appear that Mr. Taylor waived his right to a speedy trial on the record in open court. The state’s motion to continue was granted. The order on the motion did not set a date for the trial.
Nearly five more years passed, and the case had still not been set for trial. Then on February 4, 2010, Mr. Taylor filed a *533 motion to dismiss the state’s petition for involuntary commitment. The remedy he sought in the motion to dismiss was an immediate release from custody. The trial court denied the motion, stating “There is a thirty-day ... statutory right to a speedy trial, but I think there accompanies some obligation on the part of the civil respondent that differs from a criminal case.” The trial court reasoned that the respondent must take some action to protect his right to a trial within the time period allowed by law.
Mr. Taylor asked the trial court to reconsider this ruling in light of this court’s decision in Boatman v. State, 39 So.3d 391 (Fla. 1st DCA 2010) rev. granted, 43 So.3d 690 (Fla.2010), that a respondent is substantially prejudiced if the court grants a request by the state for a continuance at a time when the defendant has already served his criminal sentence. This court denied relief in Boatman, but only because the request for release was made for the first time in the appeal from the final judgment of involuntary commitment. The court concluded that the respondent should have sought immediate release in the trial court after the expiration of the time limit and before the trial. Mr. Taylor argued that the order denying his motion should be reconsidered on the authority of the Boatman case, because he had, in fact, demanded his immediate release in the trial court.
The trial judge reviewed the Boatman opinion and ultimately agreed that Mr. Taylor’s motion to dismiss should have been granted. The judge informed the lawyers that the state’s petition would be dismissed without prejudice. At that point, counsel for the state informed the court that the state would file an appeal from the order dismissing its petition and invoke the automatic stay provision in rule 9.310(b)(2) of the Florida Rules of Appellate Procedure. Counsel for Mr. Taylor argued that the automatic stay should be vacated because the state did not have a reasonable likelihood of prevailing on appeal. The trial judge decided that the automatic stay would remain in place during the course of the state’s appeal.
The order dismissing the state’s petition was filed on July 16, 2010. The state filed its notice of appeal later that day with the clerk of the circuit court, but the clerk did not prepare a certified copy of the notice or otherwise transmit the notice to this court.
On September 30, 2010, the state filed a pleading designated as an “amended” petition under the Jimmy Ryce Act. On the same day, the state dismissed the appeal it had previously taken from the order dismissing its original petition -without prejudice. The trial court entered an order directing that Mr. Taylor be released from custody effective October 1, 2010, but the court is now proceeding over his objection on the state’s “amended” petition for involuntary commitment. Mr. Taylor seeks review by prohibition in this court to prevent the trial court from taking further judicial action on the state’s petition.
Prohibition is an extraordinary remedy that used to restrain the unlawful use of judicial power. See State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939); English v. McCrary, 348 So.2d 293 (Fla.1977). A writ of prohibition may be issued by an appellate court to prevent a lower court from acting without jurisdiction or in excess of its jurisdiction. See Peltz v. District Court of Appeal, Third District, 605 So.2d 865 (Fla.1992). The district courts of appeal have judicial power to issue writs of prohibition and other extraordinary -writs under the express provision of Article V, section 4(b)(3) of the Florida Constitution. Based on these authorities, we *534 conclude that this court has jurisdiction and that prohibition is the proper remedy.
A proceeding under the Jimmy Ryce Act must be initiated at a time when the respondent is in lawful custody. This requirement is jurisdictional. As the supreme court stated in Larimore v. State, 2 So.3d 101, 103 (Fla.2008), the statute “requires that an individual be in lawful custody when the State takes steps to initiate civil commitment proceedings in order for the circuit court to have jurisdiction to adjudicate the commitment petition.” The respondent in that case was physically in custody at the time the petition was filed. However, his gain time had been forfeited unlawfully and he should have been released by that time. Because the respondent was not in lawful custody when the petition was filed, the supreme court concluded that that circuit court lacked jurisdiction to entertain the petition.
The supreme court referred in Larimore to the respondent’s custodial status at the time “when initial steps were taken” to initiate commitment proceedings. Id. at 117. There can be no question that Mr. Taylor was in lawful custody on May 5, 2002, when the first petition for involuntary commitment was filed. If that is the operative date, there is no need to consider the lawfulness of his custody after the dismissal of the first petition. On the other hand, if the operative date is September 30, 2010, the filing date of the petition that is now before the circuit court, we must determine whether Mr. Taylor was in lawful custody when that petition was filed.
On this preliminary issue we conclude that the circuit court has jurisdiction only if Mr. Taylor was in lawful custody on September 30, 2010, the date of filing the petition that is now before the court. It makes no difference that he was in lawful custody on May, 5, 2002, the date of the state’s first attempt to have him involuntarily committed. It would make little sense to allow the state to file a second petition for commitment after the first one is dismissed for failure to bring the respondent to trial on time, and then to conclude that the court has jurisdiction so long as the respondent was in lawful custody at the time the first petition was filed. A conclusion such as that would vitiate the time limitations set out in the statute.
It does not improve the state’s position that the original petition was dismissed without prejudice or that the state elected to style the second petition as an “amended petition.” The record reveals that the amended petition does not alter or modify the original petition in any respect. Nothing of substance was added or removed. If we were to say that the second petition somehow relates back to the first one and therefore that we need only determine whether the respondent was in lawful custody when the first one was filed, the effect of such a conclusion would be to enable the state to cure a failure to meet the deadlines in the statute simply by refiling the petition. That is plainly not the case. The statutory time limits were put in place for good reason, and the courts have an obligation to enforce those time limits.
This brings us to the question of whether Mr. Taylor was in lawful custody when the state filed the second petition for involuntary commitment. To answer this question, we must first consider the effect of the order dismissing the first petition on the ground that the trial had not been held within the statutory time limit.
Section 394.916(1) states that “[wjithin 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.” The supreme court con- *535 eluded in State v. Goode, 880 So.2d 817 (Fla.2002), that the thirty-day time period in this statute is mandatory, but not jurisdictional. Subsequently, in Osborne v. State, 907 So.2d 505 (Fla.2005), the court held that the proper remedy for failure to meet the time limit is a dismissal without prejudice. The court explained that “[a] dismissal of a petition with prejudice would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction,” and that would be contrary to the court’s conclusion in Goode that a failure to meet the time is not jurisdictional. Id. at 508.
A dismissal of a petition for involuntary commitment without prejudice is not a decision on the merits of the case and does not therefore preclude the filing of a subsequent petition, but it does finally conclude the pending petition. The defendant is entitled to be released from custody at that point. The state can seek involuntary commitment again in the future, but only if the respondent is taken into custody on another offense. This reading of the Osborne decision is directly supported by the opinion of the Second District Court of Appeal in the case of In re Commitment of Goode, 22 So.3d 750 (Fla. 2d DCA 2009). There the court stated the principle as follows,
Where the State fails to bring a detainee to trial within the thirty-day period, the petition for civil commitment must be dismissed and the detainee must be released. However, unlike the running of a statute of limitations, the expiration of the thirty-day period does not forever foreclose the State from filing a new petition for civil commitment. Rather, it acts as a procedural bar to the continued detention of the detainee at that time. If the detainee is subsequently imprisoned for another offense, the State is free to file a new petition. See Ward v. State, 986 So.2d 479, 481 (Fla.2008).
In re Commitment of Goode, 22 So.3d at 752. We agree with this reasoning. A dismissal without prejudice in this context must mean without prejudice to bring the action again at some time in the future.[1] It could not mean without prejudice to hold the respondent in custody until the petition can be filed again.
This analysis puts these kinds of dismissal orders in Jimmy Ryce Act cases in the class of dismissals without prejudice that are appealable as final orders. See Carlton v. Wal-Mart Stores Inc., 621 So.2d 451 (Fla. 1st DCA 1993) (holding that an order dismissing a civil case without prejudice on the ground that the plaintiff failed to make timely service of process is ap-pealable as a final order because it is a final disposition of the case pending before the court); Hunnewell v. Palm Beach County, 925 So.2d 468 (Fla. 4th DCA 2006) (holding that an order dismissing a civil case without prejudice for failure to prosecute is appealable as a final order because it finally concludes the case before the court). The phrase “without prejudice” in these cases means that the action can be initiated again at some point in the future, provided the statute of limitations has not expired. It does not mean that the pleading can be amended, as would be the case if the problem were merely that the original pleading failed to state a cause of action.
Because we conclude that the dismissal order in this case was a final order, the state had a right to appeal the order. The *536 state also had a right to an automatic stay of the order under rule 9.310(b)(2) of the Florida Rules of Appellate Procedure and Mitchell v. State, 911 So.2d 1211 (Fla. 2005). However, we need not decide whether the stay should have been vacated, as defense counsel argued in the trial court. The state voluntarily dismissed the appeal when it filed the amended petition. Assuming the stay was valid, it had no effect once the state dismissed the appeal.
The state could have elected to pursue the appeal it had filed in this court. If the court were to reverse the order, the effect would be to reinstate the original petition, and the state could have proceeded to trial on the original petition for involuntary commitment. But the state did not pursue the appeal. Instead, the state filed the notice of appeal, obtained an automatic stay, thereby preventing Mr. Taylor’s release from custody, refiled the petition for involuntary commitment and then dismissed the appeal. This course of action suggests that the state has misconstrued the effect of the order dismissing the original petition without prejudice. The state was entitled to appeal that order and perhaps to have the respondent held in custody during the appeal, but the state was not entitled to cure the failure to meet the time limit simply by filing another version of the same petition.
Although our decision to grant the petition for writ of prohibition is based on the requirements of the statute, the outcome of the case is also consistent with the broader principles that apply in involuntary commitment proceedings. The United States Supreme Court upheld the validity of the Kansas involuntary commitment statute in Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), in part because it contained strict procedural safeguards designed to ensure that the detainee is afforded due process of law. In Westerheide v. State, 831 So.2d 93 (Fla.2002), the Florida Supreme Court noted that the Jimmy Ryce Act shares many of the hallmarks of the Kansas statute, and the court upheld the act because it contains a “range of procedural safeguards” designed to protect the rights of those who are facing involuntary commitment. Id. at 105. In State v. Goode, supra at 826, and again in Mitchell v. State, 911 So.2d 1211, 1218 (Fla.2005), the supreme court stated that it would require “scrupulous compliance” with the thirty-day time limit for bringing the detainee to trial.
The prosecution of the petition in this case falls far short of the mark. After serving a fifteen-year sentence for his crime, Mr. Taylor remained in custody for nearly ten more years, based on nothing more than a finding of probable cause to believe that he should be committed as a sexual predator. The state’s failure to prosecute its petition for nearly five years after the court granted its motion for continuance could hardly be characterized as “scrupulous compliance” with the time limit for bringing the case to trial.
In summary, we conclude that Mr. Taylor was entitled to be released when the court dismissed the original petition. The state had a right to appeal the order and may have been entitled to an automatic stay pending the appeal. However, the state dismissed its appeal in this case when it submitted its amended petition, and the stay was no longer in effect at that point, in any event. The dismissal of the original petition without prejudice left open the possibility of a new commitment proceeding in the future but it did not give the state the right to refile the petition in the commitment proceeding in this case. For these reasons we hold that Mr. Taylor was not in lawful custody when the amended petition for involuntary commitment *537 was filed and that the trial court is without jurisdiction to proceed on the amended petition.
Prohibition granted.
BENTON, C.J., concurs. WETHERELL, J., concurs with opinion.

. Our decision on this point is limited to a dismissal for failure to comply with the mandatory time limits in the statute in a case in which the respondent has completed his sentence. We do not rule out the possibility that it may be proper in some other context to dismiss a petition with leave to file an amended petition in the same case.