ROWE, J.,
concurs in result only.
I concur in the result reached by the majority in this case. I write only to express my view that in order to achieve this result, this court must recede from Taylor v. State, 65 So.3d 531 (Fla. 1st DCA 2011).
Just as in Taylor, the particular issue raised in this case is whether the state may continue proceedings against a respondent under the Jimmy Ryce Act where the trial court has dismissed without prejudice the state’s original petition for failure to bring the respondent to trial within thirty days of the trial court’s probable cause determination when the respondent is no longer in lawful custody at the time the new petition is filed. The majority attempts to distinguish Taylor, suggesting that Anderson invited error in this case. However, the majority’s reliance on the invited-error doctrine is misplaced.
The majority suggests that after the original petition was filed, Anderson waived his right to be brought to trial within thirty days of the trial court’s probable cause determination. However, that Anderson may have waived the thirty-day rule with regard to the original petition is of no legal consequence because the trial court dismissed that petition and the state did not appeal the dismissal. Instead, the state filed an amended petition, and the case proceeded to trial on the amended petition. Thus, the question presented here is whether the trial court properly exercised jurisdiction over the amended petition when the respondent was not in “lawful custody” at the time the amended petition was filed, not whether the trial court improperly dismissed the original petition.[13]
The majority also concludes that “Anderson was in lawful custody at the times the original and amended petitions were filed” because “at the time of the amended petition, a stay had been entered which lawfully precluded [Anderson’s] release from custody.” However, the same was true in Taylor. In Taylor, following the dismissal order, the state filed a notice of appeal which triggered the automatic stay authorized under Florida Rule of Appellate Procedure 9.310(b)(2). The state did not pursue the appeal, but rather filed an amended petition. The stay remained in effect at the time the amended petition was filed.
In this case, simultaneously with its issuance of the dismissal order, the trial court entered a ten-day stay of its order to permit the state to appeal the court’s ruling. The state did not appeal the dismissal order. However, the state filed an amended petition the very same day that the dismissal order was entered, while the ten-day stay remained in effect.
Accordingly, the majority’s suggestion that Anderson was in “lawful custody” at the time the amended petition was filed directly contravenes our holding in Taylor. In Taylor, this court held that where the state’s original petition is dismissed and the state files an amended petition, lawful custody is determined with reference to the time that the amended petition was filed. Id. at 534-37. The Florida Supreme Court has held that “lawful custo *1219 dy” requires that the respondent be in total confinement. Larimore v. State, 2 So.3d 101 (Fla.2008). In both Taylor and this case, at the time that the amended petitions were filed by the state, the respondents had already been released from total confinement and had been transferred to the Florida Civil Commitment Center to await civil commitment proceedings under the Jimmy Ryce Act.
Thus, this case presents precisely the same jurisdictional question presented in Taylor and the result in this case is controlled by our decision in Taylor. For this reason, I cannot concur in the reasoning employed by the majority to affirm the trial court’s order committing Anderson as a sexual violent predator. I would, however, affirm the trial court’s order on the basis that our holding in Taylor was erroneous. Having considered this case en banc as a matter of great public importance, I conclude that we should expressly recede from Taylor because the holding in that case is inconsistent with the legislative intent, the express statutory directives, and Florida Supreme Court precedent construing the Jimmy Ryce Act.
In Taylor, this court held that in proceedings initiated under the Jimmy Ryce Act, where the state fails to bring a respondent to trial within thirty days after the trial court’s determination that probable cause exists for the commitment of the respondent as a sexually violent predator, the state’s petition must be dismissed without prejudice. Id. However, the Taylor decision went beyond Florida Supreme Court precedent by further holding that if the respondent is not in lawful custody when the state files an amended (or new) petition, the trial court lacks jurisdiction over further proceedings by the state unless and until the respondent is in custody for a new offense. Id. at 536-37; see State v. Goode, 830 So.2d 817, 818, 828 (Fla.2002); Osborne v. State, 907 So.2d 505, 508 (Fla.2005); Mitchell v. State, 911 So.2d 1211,1219 (Fla.2005); Larimore v. State, 2 So.3d 101, 117 (Fla.2008); Boatman v. State, 77 So.3d 1242,1249 (Fla.2011).
For the reasons that follow, I would recede from our holding in Taylor and find that a dismissal without prejudice of the state’s petition for failure to comply with the thirty-day deadline does not divest the trial court of jurisdiction under the custody provision. Following a dismissal without prejudice, the state may continue commitment proceedings if the respondent was in lawful custody when the proceedings commenced, unless the respondent can demonstrate actual prejudice or a violation of the applicable statute of limitations.

Analysis

The Lawful Custody Requirement

Before the trial court may exercise jurisdiction to consider a petition for involuntary commitment, some “portion of the commitment proceedings” must be initiated before the respondent is released from total confinement. See Larimore v. State, 2 So.3d 101, 117 (Fla.2008). The focal point for the determination of lawful custody is the point in time “when the State takes steps to initiate civil commitment proceedings.” Larimore, 2 So.3d at 103; accord State v. Goode, 830 So.2d 817, 825 (Fla.2002). The plain language of the Jimmy Ryce Act provides that a civil commitment proceeding may be initiated in one of two ways:
by giving notice to the multidisciplinary team and state attorney under section 394.913(1), Florida Statutes (2004), which begins the detailed process under that section, see §§ 394.913(l)-(4), or by transferring the individual to the custody of the Department of Children and Family Services upon that person’s “immediate release from total confinement” *1220 under section 394.9135(1), Florida Statutes (2004).
Larimore, 2 So.3d at 108.
Therefore, where the state initiates a civil commitment proceeding in either of the two ways provided by statute while the respondent is in lawful custody, the trial court’s exercise of jurisdiction over a petition filed pursuant to that proceeding is proper. See Madison v. State, 27 So.3d 61, 63 (Fla. 1st DCA 2009) (“[T]he trial court had subject-matter jurisdiction to adjudicate the commitment petition only if Appellant was in lawful custody when the State referred Appellant to the multidisciplinary team for evaluation.... ”).

The Thirty-Day Deadline

After the state attorney files the petition and the circuit court determines that probable cause exists to classify the respondent as a sexually violent predator, the respondent must be brought to trial within thirty days, unless a continuance is granted by the trial court. Section 394.916, Florida Statutes (2009), provides:
(1) Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.
(2) The trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur.
Failure to bring the respondent to trial within the time periods prescribed by section 394.916 does not extinguish the trial court’s jurisdiction over the proceeding. See, e.g., State v. Goode, 830 So.2d 817, 818, 828 (Fla.2002) (holding that the thirty-day deadline was mandatory, but “the expiration of the mandatory thirty-day period does not deprive the trial court of jurisdiction over the commitment proceedings”); Morel v. Wilkins, 84 So.3d 226, 242-243 (Fla.2012). Instead, the supreme court has consistently held the thirty-day deadline is mandatory, but not jurisdictional. Goode, 830 So.2d at 830; Morel, 84 So.3d at 242-243.
Nevertheless, failure to comply with the statutory deadline has consequences for both the state and the respondent: first, the state’s petition must be dismissed without prejudice; and second, the respondent is entitled to release from detention. Boatman v. State, 77 So.3d 1242, 1249 (Fla.2011) (observing that “the proper remedy when the State fails to timely try a case under the mandatory time provisions of the [Jimmy Ryce] Act is release of the respondent and dismissal of the State’s petition without prejudice”); Osborne v. State, 907 So.2d 505, 508 (Fla.2005). This remedy, first articulated by the supreme court in Osborne and reaffirmed in Mitchell and Boatman, is intended to avoid the harsh result of a dismissal with prejudice, by balancing the liberty interests of the respondent with the authority of the state to continue proceedings under the Jimmy Ryce Act:
In accordance with our holdings in Goode and Kinder [v. State, 830 So.2d 832 (Fla.2002) ] that the thirty-day rule is mandatory but not jurisdictional, we find that a dismissal of a Ryce Act petition with prejudice for failure to try the case in the required time period would be incongruous with our prior interpretation of the thirty-day rule. A dismissal of a petition with prejudice would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction. We, of course, have already held that the time period is not jurisdictional. Although the State *1221 must be held to the mandatory statutory time frames, we do not believe the Legislature intended that those time frames be used as vehicles by which to dispose of Ryce Act proceedings where the respondent suffers no prejudice. Rather, we conclude that absent a demonstration of prejudice, the dismissal should be without prejudice and the respondent should be released.
Osborne, 907 So.2d at 508 (first and third emphasis supplied).
With regard to the remedy afforded to the respondent,[14] the release contemplated by Osborne and its progeny is not one of permanent discharge and immunity, but rather temporary release from custody pending further proceedings by the state. In Mitchell v. State, 911 So.2d 1211, 1219 (Fla.2005), the supreme court observed that following a dismissal without prejudice, “the respondent may be entitled to his freedom,” but acknowledged the state’s ability to “continue the proceedings” against the respondent. The court has expressly declined the invitation to construe the thirty-day deadline to operate in a manner similar to the speedy trial rule in criminal cases. Boatman v. State, 77 So.3d 1242, 1250 (Fla.2011) (“The issue before us is unique — a direct analogy cannot be drawn to situations ... involving either challenges to pretrial detention ... or speedy trial violation claims ....”) (footnote omitted). Instead, the court has determined that the thirty-day deadline is intended to minimize pretrial detention:
Additionally, as stated by the First District: “The purpose of the thirty-day deadline is to minimize pretrial detention by requiring commitment trials to be held promptly, not to give respondents a proverbial ‘second bite at the apple.’ ” Boatman, 39 So.3d at 395 (emphasis added); see also Osborne, 907 So.2d at 509 (“[T]he Legislature was concerned that a respondent not be indefinitely detained and that the State act promptly in bringing the matter to trial so that the respondent’s detention after the criminal sentence expires be kept to a minimum.”).
Id. at 1251 (alteration in original).
To interpret the release remedy in Osborne as one of permanent discharge, unless or until the respondent commits a new offense, does far more to undermine the comprehensive statutory scheme than the temporary remedy of pretrial release, which is in fact provided for in section 394.9135(4), Florida Statutes. Instead, the remedy available to respondents who have been detained beyond the thirty-day deadline is one of release from detention pending continued proceedings by the state, not a prohibition of further state action.
This interpretation of the statute is grounded in Florida Supreme Court precedent. In approving the remedy of dismissal without prejudice, the supreme court observed in Osborne that the alternative remedy for noncompliance, a dismissal with prejudice, “would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction.” Osborne, 907 So.2d at 508. Thus, the supreme court contemplated that in the context of civil commitment proceedings, a dismissal without prejudice does not terminate the case on procedural grounds. Nor does it give rise to a wholly new proceeding. Rather, following a dismissal without prejudice, the state may continue proceedings under the statute.
*1222 In Mitchell v. State, 911 So.2d 1211 (Fla.2005), the supreme court expressly recognized the state’s ability to continue proceedings following a dismissal without prejudice:
Importantly, in Osborne v. State, 907 So.2d 505 (Fla.2005), this Court has recently held, “[W]here a respondent has completed his criminal sentence and is being detained awaiting a Ryce Act trial and the trial period has exceeded thirty days without a continuance for good cause, the respondent’s remedy is release from detention and a dismissal without prejudice of the pending proceedings.” Id. at 509. Hence, we have already recognized an instance where the State may be entitled to continue the proceedings, but the respondent may be entitled to his freedom where the State has not scrupulously complied with . the [Jimmy Ryce] Act’s provisions.
Id. at 1219 (emphasis added). However, the supreme court cautioned that the state’s authority to continue proceedings following a dismissal without prejudice is limited. In Osborne, the court determined that the applicable statute of limitations provides an appropriate limit on the state’s ability to proceed:
Although we have recognized that the mandatory thirty-day time period must be enforced, we conclude that a dismissal of the petition with prejudice in this case would run contrary to our previous holdings.™4
FN4. Of course, the State's ability to refile a Ryce Act petition is subject to the appropriate statutory limitation period. Our opinion should not'be read as suspending or extending that requirement in any way.
Osborne v. State, 907 So.2d 505, 508 (Fla.2005) (emphasis added). The clear implication of the supreme court’s holdings in Osborne, Mitchell, and Boatman is that following a dismissal without prejudice for failure to comply with the thirty-day deadline, the state may refile its petition and continue proceedings under the statute, absent a showing of actual prejudice by the respondent, and subject to the applicable statute of limitations.[15]” I would, therefore, find that a dismissal without prejudice does not prevent the state from refiling its petition and continuing proceedings under the act.
However, what I believe to be the correct interpretation of the statute does not absolve the state from attending to prompt resolutions under the Jimmy Ryce Act. There are due process limitations to the state’s right to amend or refile a commitment petition. The supreme court has acknowledged the Legislature’s intent that there be scrupulous compliance with the procedural aspects of the Jimmy Ryce Act; this is because “there are significant and substantial liberty interests involved with the involuntary and indefinite detentions provided for under the Ryce Act.” State v. Goode, 830 So.2d 817, 823 (Fla.2002). The interpretation advanced here does not detract from this mandate. Where the state fails to comply with the thirty-day deadline, those liberty interests are accommodated by the release of the respondent pending further commitment proceedings. Thus, the remedy of release pending trial satisfies the scrupulous compliance requirements of the Jimmy Ryce Act without restricting the state’s authority to continue proceedings against the respondent. See Morel v. Wilkins, 84 So.3d 226, 242-243 (Fla.2012) (“[T]he confinement of an individual past the expiration of his or her incarcerative sentence requires ‘scrupulous *1223 compliance’ with the Act’s requirements.” (quoting Kephart v. Hadi, 932 So.2d 1086, 1092-93 (Fla.2006))).

Receding from Taylor

Although the doctrine of stare decisis is the preferred course for courts to follow, the result reached by the majority requires us to recede from Taylor. In determining whether to recede from precedent, the Florida Supreme Court recently explained that stare decisis does not compel blind allegiance to precedent:
“The doctrine of stare decisis counsels us to follow our precedents unless there has been ‘a significant change in circumstances after the adoption of the legal rule, or ... an error in legal analysis.’ ” Rotemi Realty, Inc. v. Act Realty Co., 911 So.2d 1181, 1188 (Fla.2005) (quoting Dorsey v. State, 868 So.2d 1192, 1199 (Fla.2003)). “Fidelity to precedent provides stability to the law and to the society governed by that law. However, the doctrine does not command blind allegiance to precedent. Stare decisis yields when an established rule of law has proven unacceptable or unworkable in practice.” State v. Green, 944 So.2d 208, 217 (Fla.2006) (citations and internal quotation marks omitted).
State v. Sturdivant, 94 So.3d 434, 440, 2012 WL 572977, at *5 (Fla. Feb. 23, 2012). Because the holdings in Taylor erroneously conflict with clear directives of the Jimmy Ryce Act and supreme court precedent construing the statute, I would recede from our decision in Taylor.[16]
In Taylor, this court considered whether a trial court could properly exercise jurisdiction over an amended petition filed by the state in a civil commitment proceeding, following a dismissal without prejudice for failure to comply with the thirty-day deadline, when the respondent was no longer in lawful custody at the time the amended petition was filed. Concluding that the date the amended petition was filed was “the operative” date for the determination of lawful custody under the statute, the Taylor court held that the trial court no longer had jurisdiction over the proceedings and that the state could not proceed against Taylor unless or until he was “taken into custody on another offense.” Id. at 534-37. Thus, Taylor held that: (1) lawful custody under the Jimmy Ryce Act should be determined with reference to the filing of the commitment petition by the state; and (2) the state may not continue proceedings following a dismissal without prejudice of the state’s petition for failure to comply with the thirty-day deadline, unless the respondent has been incarcerated for a new offense. In reaching these holdings, the Taylor court applied the principles of lawful custody and the thirty-day deadline in a manner inconsistent with the statute and supreme court precedent.
The first part of the Taylor court’s holding is in direct conflict with the precedents from the supreme court in Larimore v. State, 2 So.3d 101, 108 (Fla.2008) and this court in Madison v. State, 27 So.3d 61, 63 (Fla. 1st DCA 2009), which provide that the determination of lawful custody is fixed to the time that civil commitment proceedings are initiated by the multidisciplinary team or transfer of the respondent to the custody of the Department of Children and Families. No other court interpreting the Jimmy Ryce Act has held that for purposes of determining the trial court’s juris *1224 diction, lawful custody should be considered with reference to the filing of the state’s petition (original or amended) rather than when the commitment proceedings are initiated in one of the two ways provided by statute.
Because the state was authorized to continue proceedings following the dismissal without prejudice of its original petition, the operative date for determining lawful custody was when the initial steps were taken to begin the commitment proceedings, not the date that the state filed the amended petition. By treating the filing of the amended petition as the initiation of a wholly new proceeding, the Taylor decision failed to follow the dictates of Osborne and Mitchell which expressly permit the state to continue proceedings after a dismissal without prejudice. Had the Taylor decision correctly assessed the lawful custody requirement in accord with Larimore and Madison, it would have necessarily concluded that the trial court properly exercised jurisdiction over the state’s amended petition, because the respondent in Taylor was in lawful custody when the initial steps to begin civil commitment proceedings were taken, that is, the date the multidisciplinary referred Taylor for evaluation. See Larimore, 2 So.3d at 110-11; Madison, 27 So.3d at 63.
With respect to the second holding, Taylor is the only decision that requires that the respondent be incarcerated on a new offense before the state may lawfully continue a Jimmy Ryce proceeding following a dismissal without prejudice of the state’s petition.[17] Taylor, thus, imposes a condition precedent on the state’s ability to file a civil commitment petition that is not required by the statute or by prior precedent. By mandating that the respondent be incarcerated on a new offense before the state may continue proceedings against the respondent, the Taylor court has rendered a dismissal without prejudice indistinguishable from a dismissal with prejudice. This construction of the statute is in direct conflict with precedent construing the statute. See Osborne v. State, 907 So.2d 505, 508 (Fla.2005) (“[W]e find that a dismissal of a Ryce Act petition with prejudice for failure to try the case in the required time period would be incongruous with our prior interpretation of the thirty-day rule.”).
The decision in Taylor also conflicts with the plain language of the statute. The state attorney’s receipt of the report from the multi-disciplinary team — not the re *1225 spondent’s continued incarceration — is the only condition precedent to the state’s ability to file a petition under the statute. § 394.914, Fla. Stat.
Finally, Taylor’s suggested right of recourse for the state does not provide the state with any right to proceed under the Jimmy Ryce Act that the state would not already have upon the reincarceration of an individual who has been convicted of a sexually violent offense. See Ward v. State, 986 So.2d 479, 481 (Fla.2008) (holding that Jimmy Ryce Act applied to defendant who had been released from prison for sex offense but was subsequently rein-carcerated for burglary offenses).
Because the construction of the Jimmy Ryce Act by the Taylor decision conflicts with the plain language of the statute and controlling precedent construing the statute, we should expressly recede from Taylor.

This Case

In this case, following the expiration of the thirty-day deadline, Anderson moved for and was granted a dismissal without prejudice of the state’s petition to involuntarily commit him as a sexually violent predator. The state continued the proceedings against Anderson by filing an amended petition and Anderson was granted the remedy of pretrial release. That was precisely the relief to which Anderson was entitled, and precisely the relief prescribed by the Florida Supreme Court’s decisions in Goode, Osborne, Mitchell, and Boatman. Anderson was not entitled to a permanent discharge following the dismissal without prejudice of the original petition or to be free from continued proceedings under the statute.
Thereafter, the trial court reviewed the petition, made a probable cause determination, and presided over the trial which resulted in Anderson’s commitment as sexually violent predator. The trial court’s exercise of jurisdiction over the amended petition and continued proceedings was proper because Anderson was in lawful custody when he was evaluated by the multidisciplinary team, which initiated proceedings under the statute. Accordingly, Anderson’s argument that the trial court’s order of commitment should be reversed based on a lack of jurisdiction must be rejected.
Finally, Anderson suffered no prejudice, as he was tried by the court very promptly after the dismissal without prejudice. Indeed, there has been no allegation of the loss of favorable evidence, spoliation, or any other similar allegation of prejudice by virtue of the delay in bringing him to trial. Under these circumstances, Anderson “is not entitled to a reversal of his adjudication as a sexually violent predator” or release from commitment. See Boatman v. State, 77 So.3d 1242, 1252 (Fla.2011).[18] *1226 Accordingly, although I respectfully disagree with the majority’s refusal to recede from our holding in Taylor, I concur in the majority’s present holding affirming the trial court’s order committing Anderson as a sexually violent predator under the Jimmy Ryce Act.

. Taylor, 65 So.3d at 537 (Wetherell, J., concurring) ("I do not read the majority opinion to approve the trial court's dismissal of the original petition ... the propriety of that decision is not squarely before [us] because the state did not pursue its appeal of the dismissal order.").

. The supreme court has stated that the remedy provided in Osborne does not apply where the trial court has granted a continuance for good cause or where the respondent consents to the delay. See Morel, 84 So.3d at 243-244; Boatman, 77 So.3d at 1249.

. Because the Jimmy Ryce Act provides no express limitation on the state’s ability to file a commitment proceeding, a four-year limitations period applies pursuant to section 95.11(p), Florida Statutes.

. Because less than a year has elapsed since the decision became final, there can certainly be no “reliance interests” at stake in preserving our decision in Taylor. See Citizens United v. Fed. Election Comm'n, — U.S. —, —, 130 S.Ct. 876, 920, 175 L.Ed.2d 753 (2010) (Roberts, C.J., concurring) {“[SJtare de-cisis is neither an 'inexorable command,' ... nor a 'mechanical formula of adherence to the latest decision ....”' (citations omitted)).

. In reaching its holding, the court relied upon the Second District’s decision in In re Commitment of Goode, 22 So.3d 750 (Fla. 2d DCA 2009). However, In re Commitment of Goode does not stand for the proposition that as a result of a dismissal without prejudice for failure to comply with the thirty-day rule, the state may not continue the proceedings which have already been commenced under the Jimmy Ryce Act unless and until the respondent is again incarcerated for another offense. Rather, In re Commitment of Goode addressed whether the trial court’s dismissal of an earlier petition brought by the state based upon its failure to bring the respondent to trial within thirty days barred the state on res judicata grounds from bringing a new petition for civil commitment when the respondent was convicted and reincarcerated for a new crime. Id. at 752. There, the Second District held that ’’a dismissal of a petition for civil commitment for failure to abide by the thirty-day rule is a procedural dismissal and that neither rule 1.420(b) nor the doctrine of res judicata are applicable.” Id. Accordingly, the court observed that because the state is not barred by res judicata, if "the detainee is subsequently imprisoned for another offense, the State is free to file a new petition.” Id.
Thus, the Second District did not hold as a matter of law that subsequent reincarceration is required before the state may proceed on a Ryce petition following a dismissal without prejudice, rather that was the procedural posture of the case before the court- in Goode. Similar facts were not present in Taylor.

. Judge Makar writes that by viewing this case "through a pragmatic lens,” one that focuses on the legislative history of the Jimmy Ryce Act and Florida Supreme Court precedent interpreting the Act, this court may affirm the order committing Anderson as a sexually violent predator. While I agree that the plain language of the Act and case law interpreting the Act strongly support affirmance in this case, I cannot conclude as Judge Makar does that we can avoid our precedent in Taylor to reach this result.
Judge Makar suggests that this case is distinguishable from Taylor based on "dramatic temporal differences, the different procedural posture (trial v. no trial), and the fact that Anderson agreed or acquiesced in the modest delays at issue in this case thereby extending jurisdiction under the Act.” However, the factual differences identified by Judge Makar provide no basis for distinguishing this case from Taylor. The jurisdictional bar established in Taylor is one that cannot be circumvented under the facts of this case.
Taylor unambiguously holds that following dismissal of a Ryce petition for failure to comply with the thirty-day requirement, the *1226 respondent must be in lawful custody before the trial court may proceed on an amended petition. Taylor v. State, 65 So.3d 531, 536-37 (Fla. 1st DCA 2011). Here, just as in Taylor, the respondent sought dismissal of the original petition for failure to comply with the thirty-day requirement, the trial court granted the dismissal, the state did not pursue an appeal, and when the state proceeded to file an amended petition, the respondent was no longer in lawful custody. At the time the amended petition was filed, Anderson (just like Taylor) had already been released from total confinement and was being detained at the Florida Civil Commitment Center for proceedings under the Act. Because Taylor compels us under these facts to find that the trial court lacked jurisdiction to hear the amended petition, it is of no consequence that Anderson may have agreed to or acquiesced to (and I agree with Judge Wetherell that this point is fairly debatable) a continuance of the trial on the original petition, or that Anderson may have agreed to a continuance of the trial on the amended petition.
Further, the court’s jurisdiction could not be "extended” by virtue of Anderson's acquiescence to the continuance of the trial on the original petition or his agreement to continue the trial on the amended petition. Despite his purported agreement to continue the trial on the original petition, Anderson ultimately moved to dismiss that petition. Under Taylor, the dismissal of the original petition and the state's failure to appeal that dismissal prevented the further exercise of jurisdiction by the court. The trial court, therefore, lacked jurisdiction to hear the amended petition. It logically follows that a commitment order issued by a trial court lacking jurisdiction is a nullity. Sessions v. State, 907 So.2d 572, 573 (Fla. 1st DCA 2005) (providing that an order entered by a court without jurisdiction is a nullity); Dragomirecky v. Town of Ponce Inlet, 891 So.2d 633, 634 (Fla. 5th DCA 2005) ("[A]n order entered without jurisdiction is a nullity, and cannot be considered harmless error.”). Thus, despite Judge Makar's suggestion to the contrary, no logical basis exists to distinguish the cases on grounds that a trial occurred in this case while one did not occur in Taylor. Similarly, that Anderson may have consented to a continuance on the amended petition matters not because the trial court lacked jurisdiction to proceed on that petition. Cf. Harrell v. State, 721 So.2d 1185, 1187 (Fla. 5th DCA 1998) (stating that lack of jurisdiction cannot be cured by consent or waiver). Accordingly, while Judge Makar and I agree that the supreme court's decisions in Goode, Osborne, and Boatman provide a sound basis for affirming the trial court's order in this case, I cannot determine any legally relevant distinction that would allow this court to sidestep its precedent in Taylor to achieve this result.